# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMAR ROGERS, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| | ) Judge |
| LT. RONALD KIMBLE, Individually | ) |
| and the CITY OF CHICAGO | ) Magistrate Judge |
| A Municipal Corporation, | ) |
| | ) JURY DEMAND |
| | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT AT LAW

**NOW COMES** the Plaintiff, JAMAR ROGERS by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and in support of their Complaint against the Defendants, LT. RONALD KIMBLE, individually, and the CITY OF CHICAGO, a municipal corporation, state as follows:

### COUNT I – EXCESSIVE FORCE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, JAMAR ROGERS accomplished by acts and/or omissions of the Defendants, LT. RONALD KIMBLE, individually, and the CITY OF CHICAGO, a municipal corporation, committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of Federal law.

3. The Plaintiff, JAMAR ROGERS, is a resident of the State of Illinois.

4. The Defendants, LT. RONALD KIMBLE, individually, was at all times relevant to the allegations of the Complaint, a duly appointed Chicago Police officer and was acting within his scope of employment and under color of law.

5. On or about June 24, 2022, the Plaintiff, JAMAR ROGERS, walked into the Fifth District, located at 727 E 111th St, Chicago, Illinois, and when he walked in, he started recording with his phone.

6. LT. RONALD KIMBLE approached him and told him he could not record in the lobby of the district.

7. The Plaintiff had a right to film in the lobby of the Fifth District, being in a public area.

8. In confrontation with the Plaintiff, LT. KIMBLE physically accosted the Plaintiff JAMAR ROGERS and knocked his phone out of his hand.

9. Plaintiff, JAMAR ROGERS was injured as a result of Defendant JAMAR ROGERS actions.

10. The actions of the Defendant were intentional, willful, and wanton.

11. The actions of the Defendant were excessive and unreasonable.

12. The actions of the Defendant constituted a violation of his Fourth Amendment rights as protected by 42 U.S.C. § 1983.

13. As a result of the actions of the Defendant, the Plaintiff suffered fear, anxiety, and discomfort.

WHEREFORE, the Plaintiff JAMAR ROGERS prays for judgment in his favor and against the Defendant, LT. RONALD KIMBLE, individually, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT II – FIRST AMENDMENT VIOLATION

1-13. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-12 of Count I as his respective allegations of paragraphs 1-12 of Count II as though fully set forth herein.

14. The actions described above constituted a violation of the Plaintiff's First Amendment rights.

15. Defendant's conduct described above would chill an ordinary person from future free speech.

16. The actions of the Defendant were intentional, wilful, and wanton.

17. The actions of the Defendant constituted a violation of the Plaintiff's' First Amendment Rights as protected by 42 U.S.C. § 1983.

18. As a result of the actions of the Defendant, LT. RONALD KIMBLE, the Plaintiff, JAMAR ROGERS suffered fear, anxiety, pain and suffering, emotional distress, and money damages.

WHEREFORE, the Plaintiff, JAMAR ROGERS prays for judgment in his favor and against the Defendant, LT. RONALD KIMBLE individually, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT III– FALSE ARREST/SEIZURE

1-18. Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-18 of Count II as his respective allegations of paragraphs 1-18 of Count III as though fully set forth herein.

19. The Defendant, LT. RONALD KIMBLE approached him and removed him from the station.

20. The Plaintiff questioned this action and stated he had a right to film.

21. Plaintiff JAMAR ROGERS was not committing a crime or breaking any laws.

22. The Defendant LT. RONALD KIMBLE thereafter had Jamar Rogers arrested.

23. The Plaintiff was seized and handcuffed.

24. The Plaintiff was not free to go.

25. There were no facts to support any probable cause that plaintiff was committing any crime.

26. The Defendant's actions constituted an unlawful seizure and arrest.

27. The actions of the Defendant were intentional and wanton.

28. As a result of the defendant's actions, the Plaintiff was wrongfully seized, handcuffed, detained, and taken into custody.

29. The actions of the defendant constituted a violation of the Plaintiff JAMAR ROGERS's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

30. As a result of the actions of the Defendant, the Plaintiff, JAMAR ROGERS suffered fear, anxiety, pain and suffering, emotional distress, and money damages.

WHEREFORE, the Plaintiff, JAMAR ROGERS prays for judgment in his favor and against the Defendant, LT. RONALD KIMBLE individually, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs.

### COUNT VI – FIRST AMENDMENT RETALIATION

1-30. Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-30 as his respective allegations of paragraph 1-30 of Count IV as though fully set forth herein.

4

31. In a manner described more full above, Defendant, LT. KIMBLE violated Plaintiff JAMAR ROGERS' First Amendment right by subjecting Plaintiff to retaliation through an unlawful arrest for exercising his constitutional right to free expression.

32. Defendant LT. KIMBLE's retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

33. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

34. At all relevant times, Defendant LT. KIMBLE was acting pursuant to the customs and practices of the City of Chicago Police Department.

35. As a result of Defendant LT. KIMBLE's misconduct, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

WHEREFORE, the Plaintiff, JAMAR ROGERS, prays for judgment in his favor and against Defendant, LT. KIMBLE, for a reasonable amount in compensatory damages, punitive damages, plus attorney's fees and costs.

## COUNT V – MUNICIPAL POLICY/ MONELL CLAIM

1-35. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-35 of count IV as his respective allegations of paragraphs 1-35 of Count V as though fully set forth herein.

36. The action of the Defendant LT. KIMBLE deprived the Plaintiff of his First Amendment rights.

37. The deprivation of Plaintiff JAMAR ROGERS First Amendment rights was done pursuant to an unwritten custom and policy of prohibiting citizens from filming in and around police stations.

38. After having the Plaintiff, JAMAR ROGERS, arrested, LT. KIMBLE confirmed that custom and policy announcing it to the Fifth District.

39. After having the Plaintiff, JAMAR ROGERS, arrested, LT. KIMBLE instructed other department members and front desk officers to prevent recording while in a public place, and to notify LT. KIMBLE if anyone films in the lobby, further confirming the custom and policy.

40. As a result of the custom, practice, and policy, the Plaintiff was arrested and incurred discrimination, anguish, emotional distress, anxiety, fear, and insult.

WHEREFORE, the Plaintiff, JAMAR ROGERS prays for judgment in his favor and against the Defendant, the CITY OF CHICAGO, in an amount of fair and reasonable compensatory damages, attorneys' fees and costs.

### COUNT VI – CITY OF CHICAGO / INDEMNIFICATION

1-40. Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-40 of Count V as his respective allegations of paragraph 1-40 of Count VI as though fully set forth herein.

41. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

42. Defendant, LT. RONALD KIMBLE, is or was an employee of the CITY OF CHICAGO and acted within the scope of his employment in committing the misconduct described herein.

6

WHEREFORE, should Defendant, LT. RONALD KIMBLE be found liable for the acts alleged above, the Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against said Defendants.

WHEREFORE, the Plaintiff, JAMAR ROGERS prays for judgment against the Defendant CITY OF CHICAGO for reasonable compensatory damages plus attorney's fees and costs.

## JURY DEMAND

The Plaintiff, JAMAR ROGERS hereby request a trial by jury.

Respectfully submitted,<br>
JAMAR ROGERS

By: */s/ Gregory E. Kulis*
One of Plaintiff' Attorneys

Gregory E. Kulis (#6180966)
GREGORY E. KULIS & ASSOCIATES, LTD.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
p. (312) 580-1830 / f. (312) 580-1839
gkulis@kulislawltd.com
service@kulislawltd.com

7